UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW W. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-674-SEP |
| MATTHEW SCHELP, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Matthew W. Miller's Motion for Leave to Proceed *In Forma Pauperis*, Doc. [2]. For the reasons set forth below, the motion is granted. After review of the Complaint under 28 U.S.C. § 1915(e), the Court finds that it fails to state a claim upon which relief may be granted and is frivolous, and the action is dismissed.

**Legal Standard**

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, dismissal is appropriate if the court finds the allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged

"must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In other words, "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the Complaint against the Honorable Matthew T. Schelp. The Complaint is handwritten on a Court-provided form. Plaintiff appears to indicate that this Court has federal question jurisdiction over this case because it involves "Racketeering." Doc. [1] at 3. In the "Statement of Claim" section, Plaintiff claims he was subjected to "Pirating" in Missouri from "1998 to Present," and suffered "Head injuries." *Id.* at 5. Plaintiff claims that Judge Schelp "Stole from my personal royalty," but he does not explain what he means by that. *Id.* Plaintiff states he seeks "Full accounts" as relief. *Id.* In the section of the form provided to explain the reasons for damages claimed, Plaintiff writes: "A loan from my home. 364,000." *Id.* at 6.

## Discussion

The Court has thoroughly reviewed the Complaint and discerns no plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set forth their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not done so. While this Court must

liberally construe pro se filings, this Court will not construct claims or assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Additionally, Plaintiff's allegations that Judge Schelp caused him to suffer "Head injuries" by engaging in "Piracy" over approximately 25 years are nonsensical, and "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that Plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will dismiss this action because it fails to state a claim upon which relief may be granted and is frivolous. The Court will also deny as moot Plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED,** without prejudice. A separate order of dismissal will accompany this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE